**SHELTON et al. v. MISSOURI–KANSAS–TEXAS R. CO.**

No. 445.

District Court, E. D. Missouri, E. D.

Oct. 26, 1910.

Hay & Flanagan, of St. Louis, Mo., and Stewart D. Flanagan and Edwin D. Franey, both of St. Louis, Mo., for plaintiffs.

Carl S. Hoffman and E. P. Griffin, both of St. Louis, Mo., for defendant.

COLLET, District Judge.

1. This is an action for recovery of minimum wages under the Fair Labor Standards Act. 29 U.S.C.A. § 201 et seq. Plaintiffs are engaged in interstate commerce in the discharge of their duties in their employment by defendant, which is a railroad company engaged also in interstate commerce.

2. Plaintiffs are, or have been, employed by defendant in defendant's dining-car service as waiters, cooks and lounge-car attendants. Two of plaintiffs are engaged in the dining-car service in the capacity of busboys.

3. On February 1, 1927, plaintiffs through their representatives entered into a wage agreement with defendant by the terms of which defendant was to continue the practice of furnishing meals and lodging to its employees engaged in the service mentioned in the preceding paragraph and, in addition, agreed to pay plaintiffs certain stipulated wages in money.

4. The practice of furnishing such meals and lodging to such employees was and is customarily followed by this defendant and other railroad companies. Such has been the custom for many years.

5. The Fair Labor Standards Act— and this may be more in the nature of a conclusion of law than of fact, but we will preserve the continuity of thought by inclusion here—the Fair Labor Standards Act requires that this defendant shall pay a minimum wage equal to 30 cents per hour. It further provides that wages may include the reasonable cost, as determined by the Administrator, to the employer of furnishing an employee with board and lodging, if such board and lodging are customarily furnished by defendant to plaintiffs.

6. Plaintiffs did not receive in money, during the period involved in this action, wages equal to 30 cents per hour for the time devoted to the service of the defendant. They did receive the sums of money and worked the number of hours shown in the tabulation contained in plaintiffs' amended complaint.

7. In addition to the money received, plaintiffs each received meals and lodging for their services.

8. The money received by each of the plaintiffs on an hourly basis plus the value of the food and lodging received by each of the plaintiffs is not shown to be less than 30 cents per hour.

9. The meals and lodging furnished plaintiffs were not furnished primarily for the benefit of the defendant, but were furnished primarily for plaintiffs' benefit and convenience.

10. The meals and lodging were furnished without the specific value to plaintiffs having been placed upon the receipt thereof by plaintiffs; but the meals and lodging were not gifts to plaintiffs, they were part of plaintiffs' compensation customarily furnished for years in this line of service.

11. The Administrator of the Wage and Hour Division has promulgated certain regulations offered in evidence as Exhibit "B", whereby that officer has undertaken to comply with Section 3(m) of the Fair Labor Standards Act requiring him to fix reasonable cost, by determining that such a reasonable cost shall not exceed the actual cost of the food and lodging.

12. No request was made by defendant to the Administrator that he fix the reasonable cost of the particular meals actually furnished plaintiffs by defendant. The action of the Administrator referred to in the preceding paragraph was general in nature and applied to all meals and lodging,

and other facilities not here involved, customarily furnished by all railroads to similar employees.

### Conclusions of Law.

With these facts the following Conclusions of Law appear to me to be pertinent and applicable:

1. The Court has jurisdiction of the parties and the subject matter.

2. The Fair Labor Standards Act requires the plaintiffs be paid by defendant wages at a rate not less than 30 cents per hour.

3. By the terms of that Act wages include reasonable cost to defendant of meals and lodging customarily furnished to the plaintiffs by defendant, such reasonable cost to be fixed by the Administrator of the Wage and Hour Division.

4. The Administrator has fixed such reasonable cost at not to exceed actual cost.

5. It is not necessary to the inclusion of the reasonable or actual cost of meals and lodging as wages for the purpose of determining compliance with the Fair Labor Standards Act that the Administrator be first requested to fix the reasonable cost of particular facilities in advance of the inquiry. The Administrator may fix the method of calculation to be followed, leaving the ascertainment of the facts to be used in such calculation to the time of the inquiry and the tribunal making the inquiry.

6. The burden is upon the plaintiff to establish by a greater weight of the evidence that the amount actually paid to plaintiffs in wages reduced to an hourly basis was less than the statutory minimum of 30 cents per hour.

7. The plaintiffs have not undertaken to establish the reasonable cost of the meals and lodging furnished by defendant, thereby taking the position that such meals and lodging were not furnished as part of the wages to be paid plaintiffs, and should not be considered as wages.

8. It is entirely proper for plaintiffs and defendant to do as they did do; that is, enter into a contract fixing the terms of the employment and the rate of wages to be paid plaintiffs. The fairness of these wages and of the terms of that contract are in no manner involved in this action. The contract is material here only for the purpose of determining or throwing such light as it may upon the question of whether the meals and lodging should be treated as part of plaintiffs' compensation or wages.

9. These meals which the testimony shows were furnished, and the lodging which was furnished, were not gifts— were not free in the sense that a meal or lodging is furnished a beggar at the door, but were and had been for many years considered as a part of the benefit derived by the plaintiffs from the employment which they were engaged in. Unless the reasonable cost of those benefits are shown to be of such slight value in money that their value added to the cash resulted in wages amounting to less than the statutory minimum of 30 cents per hour, plaintiffs cannot recover.

10. The Fair Labor Standards Act does not require that the wages all be paid in money or in cash. Clearly, it implies that the reasonable cost to the employers of facilities, such as meals and lodging, may be included as part of the wages. If when so included, the total valuable consideration customarily received by the employee equals 30 cents an hour, the Act has not been violated.

11. This being a proceeding based upon the statutory minimum of 30 cents per hour, unless it is shown that the Statute is violated there may not be a recovery.

12. The evidence failing to show that plaintiffs' wages, as that term is defined by Section 3(m) of the Fair Labor Standards Act, has been less than the minimum of 30 cents per hour, the plaintiffs' bill should be dismissed with costs.